STOKER, Judge.
This is a suit by appellants seeking to revoke a donation of shares of stock in a corporation made to defendants. Alternatively, plaintiffs-appellants seek to have the transfer of the stock rescinded on the ground that the transfer was made on the basis of a commutative contract and defendants-appellees breached the contract by entering into a business in competition with the corporation whose shares were transferred. The trial court denied the relief sought, refusing to revoke the donation or to hold there was a breach of contract. Plaintiff-appellants have appealed from that decision.
Plaintiffs and appellants are Roy Fremin and Dalton Fremin who owned all the shares of F and R Oilfield Contractors, Inc. In 1970 it consisted of a construction business. Claven Frederick and Allen Beyer, defendants and appellants, had been work *1313 ing for another company which was in the tank construction business and which was ceasing operations. Frederick went to work for F and R Oilfield Contractors, Inc. in May of 1970 and Beyer was hired in June of 1970. Frederick and Beyer apparently had “know-how” in tank construction and the Fremins desired to open up and develop a tank division in their corporation, F and R Oilfield Contractors, Inc. An agreement and understanding was reached between the parties. Forty percent of the stock was transferred to Frederick and Beyer and in return they were to organize a tank division, promote and develop it.
In November of 1970 the stock transfer was made and Frederick and Beyer did organize a tank division which soon became a very successful and flourishing aspect of the corporate business. By the end of 1973 mutual distrust or misunderstandings arose. In January of 1974, Frederick and Beyer left F and R Oilfield Contractors, Inc. and organized their own company and went into direct competition with F and R. However, Frederick and Beyer still retain their shares of stock in F and R.
In their brief filed with this Court, the plaintiffs-appellants set forth the following contentions:
The plaintiffs contend that defendants have breached the conditions of the original donation of stock or, in the alternative, have violated the provisions of the commutative contract in that, though they were successful in organizing the tank division, they failed to continue with it as such and actively breached the agreement by going into direct competition and actually soliciting customers of F & R. The plaintiffs contend that there was no consideration for the original transfer of the stock and the defendants introduced no evidence to show any substantial consideration. The plaintiffs contend that though there was no agreement for the re-transfer of the stock in the event the defendants terminated their employment or went into a competitive business, such had to be implied in the agreement and the Court should have construed it as such. ■
The evidence clearly establishes thát Frederick and Beyer did organize a successful tank division and operated it profitably until they left F and R. Why they left is in dispute but it is immaterial. The evidence established, and from the above it may be seen it is admitted, that there was no agreement to retransfer the forty percent share interest to the Fremins in the event Frederick and Beyer left F and R or opened up a competitive business. We are asked to “imply” such an agreement from the facts.
Donations under Article 1523 of the Louisiana Civil Code are listed as being of three kinds, gratuitous, onerous and remunerative. Onerous donation is defined as “that which is burdened with charges imposed on the donee.” Article 1559 provides that donations may be revoked or dissolved on account of certain causes including: (1) the non-fulfillment of the eventual conditions, which suspended their consummation and (2) the non-performance of the conditions imposed upon the donee.
If there was a “charge” or “condition” imposed upon the donees in connection with the donation of stock to defendants-appellees, it is evident that substantial discharge of their obligation was made. If there was a commutative contract, it is evident that some considerable consideration was given. The net effect of the contentions of plaintiffs-appellants is that defendants-appellees were bound for the rest of their lives to remain in the employment of the tank division of C and F and could never lend their efforts to a competing business. Regardless of what the equities may be, there is simply no support for revocation of the stock donation, or alternatively for declaring a breach of contract took place. No consideration is required to be shown for the transfer of corporate shares in Louisiana if the share certificates are properly endorsed as was done in this case. R.S. 12:629. F and R did not exact any agreement from Frederick and Beyer not to enter a competitive business and such agreements are prohibited by law except *1314 under limited and specific conditions. R.S. 23:921. We do not see that there is any legal justification for finding any “implied” agreements between the parties.
For the reasons assigned, we consider that the trial court correctly decided this case. His ruling is affirmed and all costs of this appeal are assessed to appellants.
AFFIRMED.